PHILIP D. KINGMAN *vs.* SETH W. FOWLE & another.

A bond of indemnity given for the protection of an attaching officer, who has not been compelled to pay, or sued, for his acts, does not constitute a debt which is provable in insolvency against the obligors.

CONTRACT upon a bond of indemnity executed in the usual form to a deputy sheriff.

A trial by jury was waived in the superior court, and the case was heard before *Russell,* J., who found that the defendants commenced an action against Charles A. Macomber, and committed the writ for service to the plaintiff with directions to attach certain property, which he declined to do unless indemnified, and thereupon the bond was executed, and the plaintiff attached the property, and subsequently sold the same upon the execution which issued upon the judgment recovered in the action, and applied the proceeds in part satisfaction thereof. The attached property was claimed by Jonathan Howard, who, on the 30th of January 1861, commenced an action against the plaintiff for taking it, and afterwards recovered judgment therein, which the plaintiff has been compelled to pay. The defendants offered to show that they, being partners, commenced proceedings in insolvency on the 24th of January 1861, the first publication being made on that day, and that they have since obtained their discharge. The judge ruled that this evidence was not admissible, and found for the plaintiff. The defendants alleged exceptions.

*C. G. Davis,* for the defendants.

*E. Ames,* for the plaintiff.

METCALF, J. There was no breach of the condition of the bond on which this action is brought, until after the first publication of notice that a warrant had issued for the seizure of the defendants' estate under the insolvent laws. The plaintiff, therefore, could not have proved a claim, on the bond, against the estate of the defendants in their assignee's hands. It follows

that the claim is not barred by their discharge. *Sleeper* v. *Miller* 7 Cush. 594, *note,* and other like decisions.

*Exceptions overruled.*